# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. HAAS, | ) |
|       Petitioner, | ) Civil Action No. 2: 12-cv-1649 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| COMMONWEALTH OF PENNSYLVANIA and BOARD OF PROBATION AND PAROLE, | ) |
|       Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

On September 26, 2012, *pro se* Petitioner, William M. Haas, an inmate at FCI-Allenwood, filed a Petition for Habeas Corpus Under 28 U.S.C. § 2254, in the United States District Court for the Middle District of Pennsylvania, challenging a detainer filed by the Pennsylvania Board of Probation and Parole.[1] Petitioner paid the filing fee on October 15, 2012. By Order of November 8, 2012, the court determined that both the Middle District of Pennsylvania and the Western District of Pennsylvania had concurrent jurisdiction over the petition and transferred the matter to this District as all of Petitioner's claims accrued in the Western District of Pennsylvania.

Respondents filed their Answer in which they argue that the Petition should be dismissed because (i) Petitioner has failed to exhaust his administrative remedies and/or (ii) the Petition does not allege a violation of the Constitution or laws or treaties of the United States. (ECF No.

---

[1] A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash,* 473 U.S. 716, 719 (1985). The proper jurisdictional basis for a challenge to a detainer that does not question the current detention under a federal judgment of conviction is 28 U.S.C. § 2254.

1

14). Petitioner filed a Reply (ECF No. 15). The matter has been fully briefed and is ripe for disposition.[2]

## Facts

Petitioner has a complicated criminal history, which includes convictions on both state and federal charges, as well as being recommitted to state custody as a technical parole violator ("TPV") and as a convicted parole violator ("CPV"). The relevant facts are as follows:

On May 14, 1993, Petitioner was sentenced to a total of 5 to 10 years incarceration in Westmoreland County, Pennsylvania (Case Nos. CP-65-CR-2330-1992 (robbery) and CP-65-3147-1992 (criminal conspiracy)). Approximately eight (8) months later, on January 26, 1994, Petitioner was sentenced to a total of 5 to 10 years incarceration in Allegheny County, Pennsylvania (Case Nos. CP-02-1747-1992 (robbery) and CP-02-CR-9263-1992 (robbery)).

On March 27, 2000, the Commonwealth Board of Probation and Parole ("the Board") released Petitioner on parole from the sentences imposed on May 14, 1993 and January 26, 1994. As of the date of his release on parole, Petitioner's controlling maximum sentence date was May 14, 2003.

On March 21, 2003, while on parole, Petitioner visited his parole officer for a routine urine test. The officer supervising the test caught Petitioner attempting to substitute a vial of urine for his own sample. Petitioner admitted he was using heroin and was placed under arrest for a technical violation of his parole. Several officers then proceeded to the parole office parking lot to search Petitioner's truck. In the truck sat Paul Daniel Meyers ("Meyers"), with a pistol next to him on the seat. In the back of the truck, in a tool box, the officers discovered a

---

[2] All parties have consented to jurisdiction by the undersigned Magistrate Judge. See 28 U.S.C. § 636 et seq.; Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 16 and 17).

second pistol. Meyers told the officers that on March 19, 2003, he and Petitioner had robbed Frank and Shirley's Restaurant in Pittsburgh. According to Meyers, he was the getaway driver and Petitioner was the gunman. Meyers also said that during the robbery, Petitioner held the gun that was found in the toolbox.[3]

Based on this information, Petitioner was charged under Pennsylvania law with violating 18 Pa.C.S. § 6105, Former Convict Not to Own a Firearm. *See* CP-02-CR-7435-2003. Petitioner was returned to the Pennsylvania Department of Corrections ("DOC") as a technical parole violator ("TPV"), and following a revocation hearing was required to serve the remaining time of his maximum sentence, which was until May 14, 2003. Upon completion of serving his maximum sentence, Petitioner was transferred to the Allegheny County Jail ("ACJ") to face the pending firearms charge.

On November 19, 2003, a federal Grand Jury sitting in the Western District of Pennsylvania returned a one-count Indictment, based on Petitioner's March 21, 2003 arrest, which charged Petitioner with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). *See* Case No. 2: 03-cr-271 (hereinafter referred to as *Haas I*). On this same date, Petitioner's state court charges were nolle prossed.

Jury trial commenced in *Haas I* on July 19, 2004. On July 21, 2004, the jury returned a guilty verdict. A sentencing hearing was scheduled for December 10, 2004.

In the interim, on November 8, 2004, the Pennsylvania Board of Probation and Parole issued a Notice of Board Decision, which stated that Petitioner was "RECOMMIT[ED] TO A STATE CORRECTIONAL INSTITUTION AS A CONVICTED PAROLE VIOLATOR TO

---

[3] Meyers plead guilty to state robbery and gun possession charges and served ten months in jail.

3

SERVE 18 MONTHS BACKTIME, WHEN AVAILABLE. . . IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER . . . ." (ECF No. 14-1, at 67). According to the Petition, Petitioner was then transferred from ACJ to SCI Houtzdale to serve his backtime imposed as a result of being found a convicted parole violator ("CPV").

On December 10, 2004, Petitioner was sentenced in *Haas I*, as follows:

> Defendant is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 288 months to run concurrently with the sentence the Defendant is currently serving at Allegheny County Court of Common Pleas at Nos. CC 9202747 and CC 9209263.

Judgment of Conviction (ECF No. 69). Petitioner remained incarcerated at SCI Houtzdale until he was released to his federal detainer on April 18, 2006, and committed to the custody of the Bureau of Prisons.[4] The Petitioner's current projected release date, the date on which he will complete serving his federal sentence with consideration for good conduct time, is March 5, 2014. *See* the Bureau of Prisons Inmate Locator (last viewed January 29, 2014).

On June 14, 2006, the United States Court of Appeals for the Third Circuit vacated the judgment of the District Court in *Haas I* and remanded the case for further proceedings. *See United States v. Haas*, No. 05-1191, slip op. (3d Cir. June 14, 2006). On January 16, 2007, the United States Attorney for the Western District filed an Information at Case No. 07-cr-00014, in which Petitioner was charged with violating 18 U.S.C. § 1951, Hobbs Act Robbery, on March 19, 2003 (*Haas II*).

---

[4] There is no dispute that Petitioner was in state custody from August 6, 2004 until April 19, 2006.

On January 25, 2007, Petitioner waived prosecution by indictment, pled guilty to the Information, and was resentenced to 151 months imprisonment. Upon motion of the government, the Court dismissed the Indictment filed in *Haas I*.

By Notice of Board Decision dated April 4, 2007, the Pennsylvania Board of Probation and Parole rendered the following decision: "RESCIND BOARD ACTION OF 11/8/2004 DUE TO VACATED JUDGEMENT AND DISMISSAL OF CASE AT UNITED STATES DISTRICT COURT #03-CR-00271." (ECF No. 14-1, at 50). On August 23, 2007, the Board forwarded a warrant to FCI-McKean requesting that it be lodged as a parole violation detainer. By correspondence dated August 30, 2007, the Board was advised that the detainer had been filed and notice of Petitioner's release would be provided to the Board approximately sixty (60) days prior to his actual release.

On August 29, 2007, Petitioner wrote the Board and requested that the detainer be removed, as he had served backtime until April 18, 2006, when he was released to the detainer placed by federal authorities. By correspondence dated September 27, 2007, the Board denied Petitioner's request and offered the following explanation:

> Dear Mr. Haas:
>
> This will acknowledge receipt of your letter dated August 29, 2007, regarding your parole violation.
>
> When you are released by the Federal authorities and made available to our parole violation detainer, you will be returned to a Pennsylvania State Correctional Institution and afforded a due process violation / revocation hearing.
>
> Reference is made to the U.S. Supreme Court Decision #97, Supreme Court, 274 Moody v Daggett. This ruling clearly establishes that parole authorities may wait until the defendant serves his sentence for the second crime before they decide whether the commission of the crime merits revoking the original parole term. The U.S. Supreme Court reaffirmed this ruling on July 2, 1985.

> To hold a hearing now would be a disservice to you. You would not be in a position to offer favorable information and documentation in your own behalf. The only thing that could be offered is the fact that you incurred a new conviction while serving an active Pennsylvania state parole obligation. However, when returned to a Pennsylvania state correctional institution at some later date, you could present information and documentation, such as favorable institutional adjustment, successful completion of institutional programs, etc., which could provide mitigation at your hearing in Pennsylvania.
>
> For your information, Pennsylvania law relative to convicted parole violators prohibits serving your time concurrently with any new sentence imposed as a result of a new crime committed while on parole.
>
> The detainer will remain in place to assure your return to a State Correctional Institution. A hearing will not be held in absentia. Calculations cannot be done until you are returned to a state institution.
>
> This office has no objections to your participation in any rehabilitative programs deemed appropriate by the Federal Bureau of Prisons.
>
> Your letter will be placed in your file and become part of your permanent record.
>
> Sincerely,
> D. A. Anthony
> Parole Staff Technician
> Division of Case Management

(ECF No. 14-1, at 65-66).

On October 17, 2007, Petitioner mailed a Petition for Review in the Nature of a Mandamus to the Commonwealth Court of Pennsylvania, in which he raised the same issues as he raises in the current Petition. *See* Case No. 497 MD 2007. On November 29, 2010, the Commonwealth Court dismissed Case No. 497 MD 2007 due to Petitioner's failure to comply with its order to "advance the case." *See* Petition, Exhibit 1 (ECF No. 2 at 9). Thereafter, Petitioner filed a petition for allowance with the Pennsylvania Supreme Court. On September 28, 2011, the Pennsylvania Supreme Court affirmed the Commonwealth Court's order which dismissed the Petition. *Id.* at 10.

Approximately a year later, on September 26, 2012, Petitioner filed the instant Petition in which he challenges the August 2007 parole violation detainer that has been lodged against him. Distilled to its essence, Plaintiff's argument is that the Board should be ordered to withdraw its detainer because he served the 18 months of backtime as required as a result of his conviction in *Haas I,* and that his conviction in *Haas II* should not serve as "new matter," as that conviction was based on the same conduct and information that was used to obtain his conviction in *Haas I.* Plaintiff argues that his state parole violator term has expired, and the detainer lodged against him should therefore be removed.

Respondents argue that the instant Petition should be dismissed based on Petitioner's failure to exhaust his state court remedies, or in the alternative, because the Petition does not allege a violation of the Constitution or laws or treaties of the United States. These arguments will be addressed seriatim.

## Discussion

A.  <u>Failure to Exhaust State Court Remedies</u>

A threshold question for any habeas corpus action is whether the petitioner has exhausted his state remedies before filing the habeas action. The United States Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). Both 28 U.S.C. § 2241 and 2254 require that the petitioner exhaust his remedies in state court before a federal habeas court may grant relief. "The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. 2241."

*Schandelmeier v. Cunningham,* 819 F.2d 52, 53 (3d Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). *See also Moore v. De Young,* 515 F.2d 437, 442 (3d Cir. 1975) (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned."). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman*, 501 U.S. at 731. A petitioner bears the burden of establishing that he or she has exhausted state remedies. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

A petitioner will not be deemed to have exhausted state remedies as long as he or she has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Cristin v. Brennan,* 281 F.3d 404, 410 (3d Cir.), *cert. denied*, 537 U.S. 897 (2002). The requirement of exhaustion cannot be excused unless state law clearly forecloses state court review of the claim. *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001); *Toulson,* 987 F.2d at 987.

As discussed *supra,* Petitioner filed an action in Pennsylvania's Commonwealth Court challenging the detainer the Board has lodged with the federal authorities. His case was dismissed after the court found that he had not complied with a court order to "advance his case." Petitioner appealed the order of dismissal to the Pennsylvania Supreme Court, which affirmed the decision of the Commonwealth Court. However, as Respondents point out, the substance of Petitioner's claims was never decided by a Pennsylvania court. Petitioner, therefore, can re-file his claim in Commonwealth Court. *See Bellochio v. Com., Bd. of Probation and Parole,* 559 A.3d 1024, 1026 (Pa. Commw. Ct. 1989) (to effectively remove a detainer, the petitioner must

8

show that there is no reason for him to be returned to Board custody or that the detainer was illegally lodged).

After a review of the record, the Court finds that Petitioner has not met his burden of establishing either (i) that he has exhausted state remedies or (ii) that state law clearly forecloses state court review of the claim. Accordingly, the Petition will be dismissed without prejudice.[5]

B.  Petition Does Not Allege a Violation of the Constitution or Laws or Treaties of the United States

A parole violation detainer does not come within the provisions of the Interstate Agreement on Detainers and thus an immediate parole revocation hearing is not required. *Moody v. Daggett,* 429 U.S. 78 (1976). There is no requirement that the State of Pennsylvania take any action at this time. *Moody*, 429 U.S. at 86-88. Eventually, if and when Petitioner again comes into custody of the State of Pennsylvania, a hearing that comports with the mandates of *Morrissey v. Brewer*, 408 U.S. 471 (1972), must be held.

At the present time, however, the Court finds that the issuance of a parole violator detainer has not deprived Petitioner of any constitutionally protected rights. Accordingly, the Petition for writ of habeas corpus must be dismissed.

---

[5]  To the extent Petitioner is seeking to challenge a future parole violation hearing, his claim is not ripe. Judicial review is premature when an agency has yet to complete its work by arriving at a definite decision. *Suburban Trails, Inc. v. New Jersey Trans. Corp.,* 800 F.2d 361, 365 (3d Cir. 1986). If, at some point in the future, Petitioner is recommitted as a convicted parole violator, he is free to seek administrative review from the Board, and if still dissatisfied, pursue his claim with the Commonwealth Court. *See* 37 Pa. Code § 73.1; 42 Pa.C.S. § 763(a); *See also Pometti v. Pennsylvania Board of Probation and Parole*, 705 A.2d 953 (Pa. Commw. Ct. 1998 (under Pennsylvania law the proper remedy to appeal a denial of administrative relief from the Board is to file a petition with the Commonwealth Court.)

C.  Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In *Slack v. McDaniel*, 529 U.S. 473, 474 (2000), the United States Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, the Court finds that jurists of reason would not find it debatable that the Petition does not state a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

**AND NOW**, this 29th day of January, 2014,

It is hereby **ORDERED** that the Petition for Writ of Habeas Corpus is dismissed without prejudice for Petitioner's failure to exhaust his state remedies.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*/s Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: WILLIAM MARTIN HAAS
07959-068
FCI Allenwood
Post Office 2000
White Deer, PA 17887

Alan M. Robinson
Pennsylvania Board of Probation and Parole
Email: alarobinso@pa.gov